United States District Court
Southern District of Texas
**ENTERED**
April 14, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAVIS SHAWNDRICK DAVIS, <br> TREMEKA LASHAWN DAVIS, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | § § § § § § § § § § § | CIVIL ACTION NO. H-21-3893 |

## MEMORANDUM OPINION AND ORDER

Harris County pretrial detainee Tavis Shawndrick Davis ("Tavis") and non-prisoner Tremeka Lashawn Davis ("Tremeka") filed this lawsuit under 42 U.S.C. § 1983 against defendants Donald J. Trump, Kayne West, Christopher "Brain Bridge," Shawn Carter, Robert Rihmeek Williams, and the Harris County Jail. Plaintiffs seek monetary damages and Tavis's release from pretrial detention.

### I. PLAINTIFF TAVIS

The Court ordered plaintiff Tavis to pay the $402.00 filing fee, or file an application to proceed *in forma pauperis*, by December 30, 2021. He was warned that his failure to comply would result in dismissal of his lawsuit. The Court's docket shows that Tavis has not paid the filing fee or sought leave to proceed *in forma pauperis*. Consequently, his claims are **DISMISSED WITHOUT PREJUDICE** for failure to pay his filing fee.

## II. PLAINTIFF TREMEKA

Plaintiff Tremeka filed an application to proceed *in forma pauperis*. (Docket Entry No. 6.) The application is **GRANTED** as to payment of her $402.00 filing fee.

Tremeka did not serve process on the defendants within 90 days after the filing this lawsuit, and the lawsuit is subject to dismissal pursuant to Federal Rule of Civil Procedure ("FRCP") 4(m). However, plaintiff's factual allegations fail to state a viable claim for relief, and her claims are subject to dismissal under FRCP 12(b)(6). Tremeka alleges that the defendants "removed trafficking in organs, tissues, and brain cells and trafficking in human causing the damages by hiring the people organizing the crime Da Vinci Code selling" and "face swapping deep face." (Docket Entry No. 1, p. 2.) Tremeka further states that Donald J. Trump "payed [*sic*] for them to attack Tavis." *Id.* As supporting facts, Tremeka asserts "working for the raper [*sic*] in the same cult family member of the people using in enterment [*sic*] to produce part his organized cult gang." *Id.* Tremeka further claims that, as to plaintiff Tavis, the defendants "steal from off him walking him to jail beat him causing him to bleed on the brain[.]" *Id.*, p. 4.

These factual allegations do not raise a viable claim for relief for which Tremeka can be granted relief under section 1983. Section 1983 provides a federal cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States against any person acting under color of state law. 42 U.S.C. § 1983. Section 1983 does not create substantive rights but provides remedies to the rights

established in the United States Constitution and other federal laws. *See Graham v. Connor*, 490 U.S. 386, 393–94 (1989). To assert a claim for damages under section 1983, a plaintiff must demonstrate "(1) a deprivation of a right secured by federal law[,] (2) that occurred under color of state law, and (3) was caused by a state actor." *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004). Tremeka's complaint fails to set forth factual allegations supporting any of these essential factors. To the extent she claims that Tavis was physically injured, she has no standing to pursue claims for violations of Tavis's rights.

Tremeka's claims are **DISMISSED WITHOUT PREJUDICE** under FRCP 12(b)(6) for failure to state a viable claim for relief under section 1983.

### III. CONCLUSION

For the above reasons, this lawsuit is **DISMISSED WITHOUT PREJUDICE**. Any and all pending motions are **DISMISSED AS MOOT**.

Signed at Houston, Texas, on _____APR 1 3 2022_____.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE